IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:21-cr-131 |
| v. ) | |
| ) | SENTENCING MEMORANDUM |
| SAMEER CHANDULAL PATEL, ) | |
| ) | |
| Defendant. ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for October 28, 2022, at 11:00 a.m.

## TABLE OF CONTENTS

**I.   BACKGROUND** ........................................................................................1

**II.  SENTENCING CALCULATION** ...........................................................3

**III. GOVERNMENT'S RECOMMENDATION**………………………… 3

### I.   BACKGROUND

On December 8, 2021, a two-count Indictment was filed charging Sameer Chandulal Patel (Defendant) with Receipt and Distribution of Child Pornography, on or between April 25, 2016, through September 2, 2021 (Count One), in violation of 18 U.S.C. § 2252(a)(2), 2252(b)(1); and Possession of Child Pornography, on or about September 3, 2021 (Count Two), in violation of 18 U.S.C. § 2252(a)(4)(B), 2252(b)(2). A Notice of Forfeiture was also filed, pursuant to 18 U.S.C. § 2253, 2428. (Final Presentence Investigation Report, hereinafter "PSR." ECF 48, ¶ 1-2.) The government filed no objections to the draft PSR. (ECF 43.) Defendant filed objections to the draft

1

PSR. (ECF 44.) The only issue that needs to be resolved at the sentencing hearing is the time frame of the child pornography. The forensics show that the child pornography files possessed by Defendant date back to August 2015 up until the day before the search warrant. Understanding that Defendant came to the United States in August 2018, suggests that he brought with him several hard drives that contained child pornography. (PSR, ¶¶ 35 and 36.) This objection to the PSR was not addressed by USPO due to it not affecting the guideline range, however, the government will submit testimony of Case Agent Tiffany Lord at sentencing to prove up this fact. The length of time Defendant was involved with child pornography is an important factor that the court should consider. Additionally, this time frame is not accurately reflected in the psychological exam that was conducted by Dr. Rosell dated July 15, 2022. This report relies solely on the word of Defendant and considers only a six-month addiction as opposed to six years of viewing and downloading child pornography.

On June 17, 2022, Defendant pleaded guilty to Count One of the two-count Indictment. On July 6, 2022, the Court accepted the defendant's plea and adjudicated him guilty. (PSR 3.) The government agreed to dismiss Count Two at the time of sentencing.

## II.   SENTENCING CALCULATION

In the presentence report paragraphs 47-61 and 105, Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level<br>USSG §2G2.2(a)(2) | 22 |
| Prepubescent/Minor Under 12 Years<br>USSG §2G2.2(b)(2) | +2 |
| Distribution Enhancement<br>USSG § 2G2.2(b)(3)(B) | +5 |
| Sadistic/Masochistic Portrayal<br>USSG §2G2.2(b)(4)(A) | +4 |
| Use of a Computer Enhancement<br>USSG §2G2.2(b)(6) | +2 |
| 600+ Images Enhancement<br>USSG § 2G2.2(b)(7)(D) | +5 |
| Acceptance of Responsibility<br>USSG § 3E1.1(a), (b) | -3 |
| Total Offense Level | 37 |
| Criminal History Category | I |
| Guideline Sentencing Range: | 210 to 262 months |
| Adjusted Guideline Sentencing Range:<br>USSG § 5G1.1(c)(1) | 210 to 240 months |

## III.   GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford

adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 37/Criminal History category I – 210 to 240 months. Based on the nature of the case, a sentence within the guideline range is sufficient but not greater than necessary to meet the sentencing goals.

Defendant's addiction took place over six years and included some of the most disturbing images, to include a rape of an infant child with the umbilical cord still attached. During this time period, Defendant amassed a large collection of various types of child pornography and a large number of victims. Defendant is a danger to society, particularly our most vulnerable, our children.

Not only did Defendant collect images and videos of child pornography but he actively engaged in chat sessions with like-minded individuals. During these chat sessions he traded child pornography and talked about sex acts with very young children. Defendant expressed an interest in sex families and sharing children.

Also aggravating in this case is the fact that Defendant found a woman with a small child to live with. Despite the woman, now his wife, claiming that she never left her child alone with Defendant, the text messages on Defendant's phone show otherwise. As discussed at the detention hearing, there were texts that show that Defendant picked up the child from daycare on occasion. Certainly, there is no evidence of hands-on sexual abuse with this child or any others, but it is concerning that Defendant had access to a child within the age range that he preferred sexually.

Certainly, this Defendant has mitigating factors that the court should consider. Even after considering those factors, the aggravating factors still warrant a sentence within the guideline range. This is a very serious crime and the public needs to be protected from criminals of this nature. Therefore, a sentence within the guideline range is appropriate in this case.

The government is seeking restitution in the amount of $3,000 per each of the 27 victims listed in the PSR. Further the Government asks that Count 2 be dismissed and forfeiture of the electronic equipment pursuant to the plea agreement.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this defendant.

                          Respectfully submitted,

                          Richard D. Westphal
                          United States Attorney

By: */s/ Melisa Zaehringer*
     Melisa K. Zaehringer
     Assistant United States Attorney
     U.S. Courthouse
     131 E. Fourth Street, Suite 310
     Davenport, Iowa 52801
     Tel: (563) 449-5432
     Fax: (563) 449-5433
     Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, October 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by: __X__ ECF/Electronic filing

UNITED STATES ATTORNEY
By: */s/ Melisa Zaehringer*
     Assistant U.S. Attorney